IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| **JON SPURLIN GRAY,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 7:20-cv-00015-O-BP |
| § | |
| **ANDREW M. SAUL,** Commissioner of § | |
| Social Security Administration, § | |
| § | |
| Defendant. § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On February 3, 2021, the United States Magistrate Judge issued Findings, Conclusions, and a Recommendation (the "FCR") in this case. FCR, ECF No. 25. The FCR recommended that the Court affirm the decision of the Commissioner of the Social Security Administration (the "Commissioner"), which concluded that Plaintiff Jon Spurlin Gray ("Gray") is not disabled as defined by the Social Security Act. *Id.* at 1. Russell filed an Objection to the Findings, Conclusions, and Recommendation of the United States Magistrate Judge on February 26, 2021. Pl.'s Obj., ECF No. 26.

The Court has conducted a de novo review of the FCR. For the following reasons, Plaintiff's Objection is **OVERRULED**, and the Court **ADOPTS** the reasoning in the Magistrate Judge's FCR. The Court **AFFIRMS** the Commissioner's decision.

### I.   FACTUAL BACKGROUND

Gray was born on July 18, 1969, has at least a high school education, and can communicate in English. Admin. R. at 39, ECF No. 19-1. On November 3, 2016, Gray filed applications for a period of disability, disability insurance benefits, and supplemental security income, alleging that his disability began on October 1, 2016. *Id.* at 31. The Commissioner denied the claim initially and again upon reconsideration. *Id.* Gray requested a hearing, and on April 25, 2018, the video hearing was held

before Administrative Law Judge ("ALJ") Jennie L. McLean with Gray and his attorney present. *Id.* The ALJ issued a decision on December 26, 2018, finding that Gray is not disabled. *Id.* at 40.

The ALJ's decision applied the statutory five-step analysis. *Id.* at 34. Specifically, the ALJ found that (1) Gray had not engaged in gainful activity since October 1, 2016, the alleged onset date; (2) Gray had the severe impairments of a history of aortic root/ascending aorta disease requiring 1999 and 2016 valve replacements and a 2016 sternum wound/flap procedure; (3) Gray's impairment did not meet, or equal in combination, one of the impairments listed in 20 C.F.R. pt. 404(p); (4) Gray had the residual functional capacity ("RFC") to perform sedentary work with several identified abilities and limitations, so Gray was unable to perform his past relevant work; and (5) Gray could perform a significant number of jobs in the national economy. *Id.* at 34–35, 38–39. Thus, the ALJ concluded that Gray is "not disabled." *Id.* at 39.

The Appeals Court denied review, *id.* at 7, and the Magistrate Judge reviewed the Commissioner's final decision that Gray is not disabled. FCR 1, ECF No. 25. The FCR and Plaintiff's Objection are ripe for the Court's review.

## II.   LEGAL STANDARD

On review of the Commissioner's denial of benefits, a court is limited to whether the Commissioner's position is supported by substantial evidence and whether the Commissioner applied the proper legal standards when evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). Substantial evidence is defined as more than a scintilla and less than a preponderance, and as such relevant and sufficient evidence as a reasonable mind might accept as adequate to support a conclusion. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). The Commissioner, not the court, has the duty to weigh the evidence, resolve material conflicts in the evidence, and make credibility choices. *Carrier v. Sullivan*, 944 F.2d 243, 247 (5th Cir. 1991). So, when applying the substantial evidence standard, the reviewing court does not weigh the evidence,

retry the issues, or substitute its own judgment; rather, the court scrutinizes the record to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236. A finding of no substantial evidence is appropriate only if there is a "conspicuous absence of credible choices" or "no contrary medical evidence" to support the Commissioner's decision. *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988) (internal citation omitted).

The Social Security Administration uses a five-step process to determine whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a)(4). The steps are followed in order, and if at any step the Commissioner determines that the claimant is not disabled, the evaluation need not go on to the next step. *Id.* The five steps consider: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant's impairments are medically severe; (3) whether the claimant's medical impairment or combination of impairments meets or medically equals the criteria listed in the Listing of Impairments; (4) whether the RFC precludes the claimant from performing his past relevant work; and (5) whether the combination of the claimant's RFC, age, education, and work experience allow for adjustments to be made to permit the claimant to work. *Id.* If the impairment is severe but does not meet or equal a listed mental impairment, then the Commissioner must conduct an RFC assessment. *Id.* § 404.1520a(d)(3).

### III. ANALYSIS OF OBJECTION

Gray objects to the FCR, maintaining that the ALJ failed to provide good cause for rejecting the opinion of treating physicians Dr. Boyd and Dr. Bartel. Obj. 1, ECF No. 26. For the forthcoming reasons, the Court concludes that Magistrate Judge is correct that the ALJ properly evaluated, considered, and presented good cause for discounting Dr. Boyd's and Dr. Bartel's opinions. *See* FCR 5–9, ECF No. 25.

When evaluating the extent of a claimant's ability to do physical and mental work activities, the ALJ must consider medical opinions together with the rest of the relevant evidence in the record. 20 C.F.R. § 404.1545(a)(3). But the ALJ does not need to specifically cite each piece of medical evidence that he considered. *Castillo v. Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005). An ALJ "generally cannot reject a medical opinion without providing an explanation for that rejection, even if good reasons exist for disregarding the opinion." *Winston v. Berryhill*, 755 F. App'x 395, 398 (5th Cir. 2018) (citing *Kneeland v. Berryhill*, 850 F.3d 749, 759–61 (5th Cir. 2017)); *see Greenspan*, 38 F.3d 232, 237 (recognizing good cause exceptions include "statements that are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence"). "Failure to explain the rejection of a medical opinion justifies a remand." *Winston*, 755 F. App'x at 398. The Social Security Administration states that it "will always give good reasons in [its] notice of determination or decision for the weight [it gives the claimant's] treating source's medical opinion." 20 C.F.R. § 404.1527(c)(2).

A treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with . . . other substantial evidence." *Martinez*, 64 F.3d at 175–76 (citing 20 C.F.R. § 404.1527(c)(2)). And "[t]he opinion of a specialist generally is accorded greater weight than that of a non-specialist." *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000). "Nevertheless, even opinions from a treating source are far from conclusive, because ALJs have the sole responsibility for determining the claimant's disability status." *Richardson v. Colvin*, No. 4:15-cv-0879-BL, 2017 WL 237637, at *8 (N.D. Tex. Jan. 17, 2017) (internal citations and quotation marks omitted). In fact, "the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion" and when good cause is shown. *Newton*, 209 F.3d at 455. An ALJ may show good cause "where the treating physician's evidence is conclusory, is unsupported by medically

4

acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence." *Id.* at 456. But "[t]he *Newton* court limited its holding to cases where the ALJ rejects the sole relevant medical opinion before it." *Qualls v. Astrue*, 339 F. App'x 461, 467 (5th Cir. 2009). Therefore, where there are competing opinions of examining physicians, the ALJ need not necessarily set forth her analysis of the Section 404.1527(c) factors when declining to give controlling weight to a treating physician. *See id.* at 466–67.

Here, to reach her RFC determination, the ALJ relied on the State Agency medical examiners' and consultants' April and July 2017 determinations, Dr. Bartel's April 2018 statements and opinions,[1] Dr. Boyd's April 2018 statements and opinions,[2] Dr. Slatton's June 2018 statements and opinions, Dr. Teotia's statements and opinions, and Gray's own disability reports and testimony.[3] Admin. R. at 29–31, ECF No. 19-1. Ultimately, the ALJ considered but gave limited weight to both Dr. Boyd's and Dr. Bartel's opinions because their opinions were "not consistent with [1] the statements/assessments contained in the [their] contemporaneous treatments notes and [2] [Dr. Slatton's and Dr. Teotia's] reports [and] Dr. Slatton's June 2018 statement/opinion." *Id.* at 30–32.

---

[1] Dr. Bartel is a neurologist who treated Gray for back pain and completed a form entitled "Medical Assessment of Ability to Do Work-Related Activities (Physical)." Admin. R. at 30, 1188–89, 1199–1202, 1215–17, 1219–21, ECF No. 19-1. According to Dr. Bartel's opinion, Gray "can do no lifting/carrying; limitedly reach and handle; limitedly push/pull; sit 1 hour total during an 8-hour workday and [10 minutes] at one time; [and] stand/walk ½ hour total during an 8-hour workday." *Id.*

[2] Dr. Boyd was Gray's primary care physician and completed a form entitled "Medical Assessment of Ability to Do Work-Related Activities (Physical)." Admin. R. at 30, 1211–13, ECF No. 19-1. According to Dr. Boyd's opinion, Gray "can frequently and occasionally lift/carry 5 pound[s]; limitedly reach; limitedly push/pull; sit 8 hours total during an 8-hour workday and 2 hour[s] at one time in a recliner and must have his legs elevated; [and] stand/walk 2 hours total in an 8-hour workday and 10 minutes at one time." *Id.* at 30, 1120–40, 1209, 1211–13.

[3] Neither party disputes that the opinions and statements of the doctors listed are medical opinions for the purposes of the ALJ evaluating Gray's RFC. *See* 20 C.F.R. § 404.1527(d).

The ALJ gave greater weight to the medical opinions of Dr. Slatton, Gray's treating cardiologist, and of Dr. Teotia, Gray's plastic surgeon who performed the flap. *Id.* The ALJ found good cause to discount Dr. Boyd's and Dr. Bartel's opinions while giving greater weight to Dr. Slatton's and Dr. Teotia's opinions because, according to the ALJ, their opinions were more reliable and credible as their medical specialties "deal more directly with the treatment and assessment of the claimant's aortic disease and/or sternum/chest surgery." *Id.* at 37.

Gray's objection that "[t]he ALJ's reliance on the non-specific statements of Drs. Slatton and Teotia does not provide good cause for rejecting the opinions of Drs. Boyd and Bartel[]" is of no moment. *See* Obj. 3, ECF No. 26. At this stage to upset the ALJ's decision, Gray must show that there was insufficient evidence for a reasonable person to reach the same conclusions as the ALJ, not that reweighing the medical opinion evidence may result in a different conclusion. *See Colvin*, 793 F.3d at 509 (5th Cir. 2015); *see also Newton*, 209 F.3d at 453. The Court leaves to the ALJ the "determin[ation of] the credibility of . . . experts as well as lay witnesses and to weigh their opinions and testimony accordingly." *Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985); *see also Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990); *Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984) (citations omitted).

Thus, the Court concludes that the ALJ's finding of good cause was supported by substantial evidence and was well within her bounds to weigh the reliability of conflicting medical opinions, and that the ALJ properly considered Dr. Boyd's and Dr. Bartel's medical opinions—without giving them the weight Gray contends they should have received—so the ALJ's finding does not constitute reversible error. Accordingly, Gray's Objection is **OVERRULED**.

IV.  **CONCLUSION**

Having conducted a de novo review of the FCR and Gray's Objection, the Court **OVERRULES** Gray's Objection and **ADOPTS** the reasoning in the Magistrate Judge's FCR.

6

Accordingly, the Court **AFFIRMS** the Commissioner's decision that Gray is not disabled as defined by the Social Security Act.

   **SO ORDERED** on this **30th day** of **March, 2021.**

                  _____
                  Reed O'Connor
                **UNITED STATES DISTRICT JUDGE**